UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY W. DOUGLAS

VERSUS

CITY OF BATON ROUGE AND
PARISH OF EAST BATON ROUGE

CIVIL ACTION

NO. 09-154-JJB-SCR

**RULING ON MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the court on Plaintiff Anthony W. Douglas's ("Douglas") Motion (doc. 21) for Summary Judgment, and Defendant City of Baton Rouge and Parish of East Baton Rouge's ("City") Motion (doc. 24) for Summary Judgment. Defendant filed a Memorandum (doc. 23) in Opposition to Plaintiff's motion, and Plaintiff subsequently filed a Response (doc. 28). Additionally, Plaintiff filed a Memorandum (doc. 29) in Opposition to Defendant's Motion for Summary Judgment. There is no need for oral argument. Jurisdiction is based upon 28 U.S.C. § 1331. For the reasons stated herein, Plaintiff's Motion (doc. 21) for Summary Judgment is **DENIED**, and Defendant's Motion (doc. 24) for Summary Judgment is **GRANTED**.

**Background**

Plaintiff's employment with Defendant was initially terminated in 1999. After a long and protracted legal dispute, which will not be recounted here, Plaintiff was reinstated to work in 2006. However, in 2007, Plaintiff allegedly failed a drug/alcohol test that was given in connection with his employment, and Defendant again sought to terminate Plaintiff's employment. After legally challenging the termination, the Plaintiff

1

and Defendant entered into a settlement and release agreement in 2007. The settlement and release agreement was entered in open court at the Louisiana 19th Judicial District Court. In the agreement, Plaintiff agreed to resign from employment, release all claims against the Defendant, and never seek employment again with Defendant. (*See* Doc. 24, Ex. A and Ex. F). As was previously recounted by the Louisiana First Circuit Court of Appeal, in one of the numerous lawsuits between these parties:

> The written stipulation detailing the dollar amounts agreed to be paid and outlining the terms and conditions of the settlement were prepared by the City/Parish. A copy of the stipulation was received by the trial court, the parties, and all counsel, and it was filed into evidence at the March 9, 2007 hearing. At the hearing, the trial court questioned Mr. Douglas on the record regarding his understanding that the settlement agreement "puts an end to all of the litigation between you and the City[/Parish]." Mr. Douglas indicated that he understood and that he desired to put an end to the litigation. Mr. Douglas asked a question about the stipulation that he must "never" seek employment with the City/Parish in the future, and it was explained to him that it was one of the City/Parish's conditions of settlement. Mr. Douglas indicated on the record, "[t]hat's agreeable" and the trial court stated, "[a]ll right. This case is fully settled."

*City of Baton Rouge v. Douglas*, 984 So. 2d 746, 748 (La. App. 1 Cir. 2008).

However, after entering the agreement in open court, Plaintiff sought to reverse his acceptance in a letter dated March 22, 2007. (*See* Doc. 24, Ex. C). As a result, Defendant subsequently filed a "Motion to Enforce Settlement Agreement," which was granted by the Louisiana 19th Judicial District Court in a ruling dated April 30, 2007. (*See* Doc. 24, Ex. D and Ex. E). Plaintiff subsequently signed the settlement on May 14, 2007, but wrote next to his signature that he "signed pursuant to court order." (Doc. 24, Ex. F, p. 4). On that same day, Plaintiff obtained a notarized document entitled "Disagreement with Settlement and Receipt Release." In that document, Plaintiff asserted he signed the

2

physical copy of the settlement agreement "in total protest and duress, in fear of being held in contempt of court and being jailed." (*See* Doc. 21, Ex., p. 2). Plaintiff later filed an appeal regarding the judgment enforcing the settlement agreement, "arguing that the trial court erred in enforcing the settlement agreement because his consent was vitiated by duress, the settlement was against public policy, and he did not feel the settlement was fair or equitable to him." *City of Baton Rouge*, 984 So. 2d at 750. Nevertheless, the Louisiana First Circuit Court of Appeal affirmed the trial court's judgment enforcing the settlement agreement. *Id.*

Subsequently, Plaintiff filed a "Petition to Annul Judgment, Absolute Nullity of Contract and Damages," which was dated March 17, 2009. In this petition, Plaintiff again sought to nullify the trial court's 2007 judgment and settlement agreement. (Doc. 24, Ex. L). Two days later, on March 19, 2009, Plaintiff filed the Complaint (doc. 1) in the present matter, asserting that Defendant violated 29 U.S.C. § 626(f) with regards to the settlement and release agreement. After a conference before the Magistrate Judge, the federal action was terminated, without prejudice to the right of the parties to reopen the proceedings, due to the prior, pending litigation in state court. Later, in the state court proceedings, the trial court sustained the Defendant's peremptory exception of res judicata, and the First Circuit Court of Appeal affirmed the decision on June 8, 2012. *See City of Baton Rouge, Parish of East Baton Rouge v. Douglas*, 2012 WL 2061419 (La. App. 1 Cir. June 8, 2012). In its decision, the First Circuit Court of Appeal provided:

> [T]he trial court correctly sustained the peremptory exception raising the objection of res judicata. Although styled as a petition for nullity, Mr. Douglas is attempting to relitigate the validity of the compromise

3

      agreement and the April 30, 2007 judgment ordering him to consummate the settlement agreement. These arguments were considered and rejected in *Douglas III*.

*Id.* at *2. After the Louisiana Supreme Court denied the writ application, Plaintiff filed a Motion to Proceed in this federal action. (*See* Doc. 11). *See also City of Baton Rouge v. Douglas*, 98 So. 3d 875 (La. 2012). Plaintiff then submitted the present Motion (doc. 21) for Summary Judgment, requesting this Court to grant summary judgment as to Plaintiff's claim that Defendant failed to follow the requirements of 29 U.S.C. § 626(f) with regards to the 2007 settlement and release agreement. Defendant subsequently filed its own Motion (doc. 24) for Summary Judgment, in which Defendant avers that Plaintiff's claim is barred by res judicata, as a result of previous Louisiana state court orders and judgments that are final and conclusive.

## Analysis

      Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The moving party seeking summary judgment has the burden of demonstrating the absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the non-moving party has the burden of proof at trial, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of

materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

1. Defendant's Motion for Summary Judgment (Doc. 24)

Defendant avers that the Plaintiff's claim is barred by res judicata based on multiple, prior state court rulings that are final and definitive. Accordingly, this Court must determine if those prior state court judgments bar the Plaintiff's present claim. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. Educ.*, 465 U.S. 75, 81 (1984). "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Id.* (quoting *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982)) (internal quotation marks omitted). Because the relevant state judgments were rendered by Louisiana courts, this Court must look to the Louisiana law on res

judicata to determine the preclusive effect to give to those judgments and whether the Plaintiff's claim is barred in the present matter.

"Louisiana jurisprudence holds that claims are barred by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first suit; and (5) 'the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.'" *Camsoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, 2010 WL 3719608, at *2 (M.D. La. Sept. 15, 2010) (quoting *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003)). "These requirements are strictly construed, and each element must be proved beyond question." *Id.* (citing *La. Workers' Comp. Corp. v. Betz*, 792 So. 2d 763 (La. App. 4 Cir. 2001)). "Likewise, any doubts regarding whether each element has been satisfied are resolved in favor of overruling the motion for res judicata." *Id.* (citing *Betz*, 792 So. 2d 763; *Goodman v. Spillers*, 686 So. 2d 160 (La. App. 2 Cir. 1997)).

Looking at the first and second requirements, neither party disputes that the Louisiana First Circuit Court of Appeal judgment on June 8, 2012 was a valid, final judgment. Furthermore, the third res judicata requirement is met because the parties in both actions are Anthony W. Douglas and the City of Baton Rouge/Parish of East Baton Rouge. (*See* Doc. 24, Ex. M) (slip copy of June 8, 2012 First Circuit Court of Appeal decision whereby the named plaintiff is "Anthony W. Douglas" and one of the named defendants is the "City of Baton Rouge, Parish of East Baton Rouge").

6

Turning to the fourth requirement, the cause of action presently asserted by the Plaintiff existed at the time that final judgment was issued by the Louisiana First Circuit Court of Appeal on June 8, 2012. In his Opposition (doc. 29), Plaintiff avers that he received his right-to-sue letter from the EEOC on December 19, 2008, well before the relevant state suit was commenced on March 17, 2009. (Doc. 1, p. 7 & Doc. 24, Ex. L, p. 10). Moreover, in his state court "Petition to Annul Judgment, Absolute Nullity of Contract and Damages," Plaintiff actually asserted his claim for the invalidity of the 2007 settlement and release agreement, based on an alleged violation of the Older Workers Benefit Protection Act. (*See* Doc. 24, Ex. L, p. 7).[1] Accordingly, the Plaintiff's present claim clearly existed at the time of the First Circuit Court of Appeal's final judgment in 2012, and thus, the fourth requirement for a finding of res judicata under Louisiana law is satisfied.

The final requirement for res judicata is that the cause of action arose out of the same transaction or occurrence that was the subject matter of the first litigation. The

---

[1] The exact wording Plaintiff used in his "Petition to Annul Judgment, Absolute Nullity of Contract and Damages" is as follows:

> The courts erred in ordering Petitioner to sign off on a release agreement when Petitioner objected to the release agreement. The courts ignored the clear language. . . . Petitioner never received a notification of right under the Older Worker Benefit Protection Act. The action of the courts to force Petitioner to sign a release agreement is a fundamental violation of Petitioner's rights under the 14th Amendment to the US Constitution and Art. 1, 2, and 3 of the Constitution of the State of Louisiana of 1974, which guarantee Due Process of Law and Equal Protection of the Law.

> Pursuant to laws state herein, Petitioner had every right to reject the City Parish's release agreement, West's Key No. Digest, Discharged § 9.35 and 9.36. Older Workers Benefit Protection Act. 201, 104 Stat. 983, 29 USC § 626(f), Waiver. The US Supreme Court has long held the violation of these rights is a violation of the US Constitution and States Constitution see Delores M. Oubre v. Entergy Operations, Inc.(118 S. Ct. 838 no. 96-1291 1/26/1998).

(Doc. 24, Ex. L, p. 7) (emphasis added).

7

claims in the prior state court litigation clearly arose out of the 2007 judgment and the settlement and release agreement. In its ruling, the First Circuit provided that:

> After the Louisiana Supreme Court denied writs in *Douglas III*, Mr. Douglas filed a petition in the trial court seeking to recognize the absolute nullity of the April 30, 2007 judgment of the trial court and the settlement agreement that Mr. Douglas executed pursuant to the April 30, 2007 judgment. Mr. Douglas set forth numerous bases for recognizing the nullity of the April 30, 2007 judgment, this court's decision in *Douglas III*, as well as the settlement agreement that he executed pursuant to the April 30, 2007 judgment, with the central argument being that the prior judgment ordering him reinstated to employment could not be set aside.

*City of Baton Rouge, Parish of East Baton Rouge*, 2012 WL 2061419, at *1. The prior state suit between these parties, which was decided in the valid, final judgment by the First Circuit Court of Appeal on June 8, 2012, arose out of the 2007 judgment and the settlement and release agreement. As the First Circuit provided in its decision:

> [T]he trial court correctly sustained the peremptory exception raising the objection of res judicata. Although styled as a petition for nullity, Mr. Douglas is attempting to relitigate the validity of the compromise agreement and the April 30, 2007 judgment ordering him to consummate the settlement agreement. These arguments were considered and rejected in *Douglas III*.

*Id.* at *2. Therefore, it is evident that not only did the prior state lawsuit arise out of the same transaction or occurrence as the present matter (i.e., the 2007 judgment and the settlement and release agreement), but moreover, the Louisiana First Circuit Court of Appeal rejected the prior state lawsuit regarding this same matter, transaction, and occurrence based on a peremptory exception of res judicata.

Therefore, all five requirements for a finding of res judicata under Louisiana law are clearly established in this case. Because this Court must "give the same preclusive

8

effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged," the Plaintiff's claim in this case is barred by res judicata based on the prior, final, and valid judgments rendered by the Louisiana state courts. *Migra*, 465 U.S. at 81. Accordingly, there is no genuine issue of material fact and Defendant is entitled to a judgment as a matter of law.

2. Plaintiff's Motion for Summary Judgment (Doc. 21)

As a result of this Court's finding that Plaintiff's claim is barred by res judicata, the Plaintiff's motion for summary judgment is moot.

## Conclusion

Therefore, the Defendant's Motion (doc. 24) for Summary Judgment is hereby **GRANTED**, and Plaintiff's Motion (doc. 21) for Summary Judgment is **DENIED**.

**IT IS HEREBY ORDERED** that the Plaintiff's claim against City of Baton Rouge and Parish of East Baton Rouge is dismissed.

Signed in Baton Rouge, Louisiana, on September 10, 2013.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

.